IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENVILLE

| | | |
|---|---|---|
| DAVID LANE WHITSON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| MIDLAND FUNDING LLC, and | ) | |
| FINKLESTEIN, KERN, STEINBERG | ) | **JURY TRIAL DEMANDED** |
| & CUNNINGHAM, PC | ) | |
| | ) | |
| Defendants, | ) | |

## COMPLAINT

**COMES NOW**, Plaintiff, David Whitson, by and through the undersigned counsel, and hereby files this Complaint against Defendants, Midland Funding LLC and Finklestein, Kern, Steinberg & Cunningham PC (hereinafter collectively, "Defendants"). In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter, the "FDCPA") wherein Defendants communicated with Plaintiff in an attempt to collect a consumer debt in a manner that attempts to abuse, harass as well as unfairly deceive and mislead Plaintiff into making payment on such alleged debt in an amount that is not authorized by law.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under **28 U.S.C. § 1331**, and pursuant to **15 U.S.C. § 1692k(d)**.

3. This action arises out of violations of the **Fair Debt Collection Practices Act, 15**

1

U.S.C. § 1692 et seq. ("FDCPA") by all Defendants, in their illegal efforts to collect consumer debts.

4. Venue is proper in this District because the acts and transactions occurred in this District and Plaintiff resides in this District.

5. Defendants are subject to the jurisdiction of this District because Defendants regularly conduct business in this District and regularly attempt to collect debts from consumer located in this District.

## PARTIES

6. Plaintiff, David Lane Whitson (hereinafter referred to as "Plaintiff") is a natural person who resides in Unicoi County, Tennessee and is a "consumer" as that term is defined by **15 U.S.C. § 1692a(3)** because he is a person allegedly obligated to pay a debt.

7. Defendant Midland Funding LLC and Finklestein, Kern, Steinberg & Cunningham PC (FKSC), (hereinafter "Defendant Midland Funding") is a "debt collector" as that term is defined by **15 U.S.C. § 1692a(6)**, is a for-profit Limited Liability Company organized in Delaware, and may be served through its agent for service of process at Midland Credit Management Inc., 5100 Poplar Avenue, Suite 2000, Memphis TN 38137-2000, as its registered agent for service of process.

8. Defendant Finklestein, Kern, Steinberg & Cunningham PC ("Defendants Finklestein") is a law office and are "debt collectors" as that term is defined by **15 U.S.C. § 1692a(6)**, is a for-profit Professional Corporation established in Tennessee, and can be served through its registered agent as follows: Ron Cunningham, Esq., 1810 Alior Avenue, Suite 2, Knoxville TN 37921.

9. At all material times herein, Defendants use instrumentalities of interstate commerce

or the mails in their respective businesses, the principal purpose of which is the collection of debts.

10. At all material times herein, Defendants regularly collect or attempt to collect, directly or indirectly, debts owed or due to another, or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

11. Defendants previously alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by **15 U.S.C. § 1692a (5)** (hereinafter, the "Alleged Debt"), namely, an alleged credit card debt originally owed to, or serviced by, Synchrony Bank (hereinafter "Synchrony").

12. At all material times herein, the Alleged Debt is a consumer debt, an alleged obligation resulting from transactions for goods or services incurred primarily for personal, household, or family use.

13. Sometime prior to April 4, 2018, the Alleged Debt was consigned, sold, or otherwise transferred to Defendants for collection from David Scott Whitson.

14. On April 4, 2018, Defendants issued a summons for David Scott Whitson, which was returned "Not found."

15. Defendants on June 24, 2022, issued an Alias Summons for David Lane Whitson which was served June 25, 2022.

### *June 24, 2022 Collection Lawsuit*

16. Prior to the filing of this Complaint, on or about June 24, 2022, Defendants filed a Civil Warrant and Affidavit against Plaintiff Whitson in General Sessions Court of Unicoi County (hereinafter collectively, the "Collection Lawsuit").

3

17. Defendant Finklestein filed the Civil Warrant and Affidavit against Plaintiff in the General Sessions Court of Unicoi County, Tennessee.

18. On August 11, 2022, an Order of Nonsuit was filed with the General Sessions Court and on August 12, 2022, the Order of Nonsuit was signed by the Judge.

19. On or before June 25, 2022, Defendants served Plaintiff Whitson with the Collection Lawsuit in connection with collection of the Alleged Debt and in an attempt to collect the Alleged Debt. As such, Defendants made a "communication" as defined by **15 U.S.C. § 1692a(2)**.

20. Similarly, the sworn Affidavit was filed and served in connection with collection of the Alleged Debt and in an attempt to collect the Alleged Debt and is therefore a "communication" as defined by **15 U.S.C. § 1692a(2)**.

21. Importantly, at the time the Defendant Midland purchased Plaintiff Whitson's Alleged Debt account, Defendants had not received any documents which: (a) could be used as evidence to show, in a court of law, that Plaintiff Whitson had entered into a Contract with any entity creating the Alleged Debt or opening an account, (b) show how the amount claimed as due was calculated or what Plaintiff Whitson received in return for incurring the Alleged Debt, (c) show how the pre-judgment interest on the Alleged Debt was to be calculated, and (d) show when the Alleged Debt went into default and what acts by Plaintiff Whitson caused the alleged default. Defendants did not possess any such documents as of the date they filed the Collection Lawsuit.

22. Despite the fact that Defendants possessed no evidence showing that Plaintiff Whitson owed the Alleged Debt amount asserted by Defendants—and prior to making a reasonable and adequate investigation as to whether Plaintiff Whitson owed the Alleged Debt amount asserted by Defendants—Defendant Midland and Defendant Finklestein filed the Collection Lawsuit

4

against Plaintiff Whitson in General Sessions Court, seeking to collect Three Thousand Three Hundred Twenty-One Dollars and Eighty-Six Cents ($3,321.86), post-judgment interest at the maximum statutory rate and all costs incurred in pursuit of this debt.

23. Defendant Midland and Defendant Finklestein alleged in their Collection Lawsuit that Defendant Midland is the assignee of Synchrony Bank but provided no evidence—either before or since the filing of the Collection Lawsuit—supporting the truthfulness of this allegation.

24. Defendant Midland and Defendant Finklestein made an intentional business decision not to obtain knowledge as to whether a written Contract existed between Synchrony Bank and Plaintiff Whitson, or if there was other documentation showing when or how the Alleged Debt was incurred (a) prior to making a reasonable and adequate investigation as to whether Plaintiff Whitson owed the Alleged Debt amount Defendant attempted to collect, and (b) by attaching Affiant Melanie Rosenberger's Affidavit, whose knowledge of the specifics of the original debt is limited or non-existent, intending to either obtain a default Judgment or coerce Plaintiff Whitson into a Settlement and/or payment plan.

25. When Defendant Midland purchased Plaintiff Whitson's Alleged Debt, Defendants had not received any supporting documentation of the Alleged Debt, including, but not limited to, (a) the alleged underlying Contract between Synchrony Bank and Plaintiff Whitson, (b) anything bearing Plaintiff Whitson's signature, (c) any documentation regarding what Plaintiff Whitson purchased or when he made a purchase, (d) monthly billing statements, (e) a payment history, (f) documents showing how the amount of the Alleged Debt was calculated, or (g) any information which informs or shows them which portion of the Alleged Debt is principal and which portion is interest.

26. The filing of a Collection Lawsuit is a collection activity.

27. The filing of the Collection Lawsuit against Plaintiff Whitson by Defendants in the Tennessee State Courts is no less than "active" debt collection activity than telephone calls, letters, or any other form of communication made in an attempt to collect a debt.

28. The comparison between active and passive is easily understood. If you do something you are being active. If you have something done to you, you are being passive.

29. The Defendants were not contemplating, speculating, or being passive about filing the Collection Lawsuit against Plaintiff Whitson. To be clear, Defendants filed and served the Collection Lawsuit against Plaintiff Whitson.

30. The Defendants failed to maintain (i.e., actually employ or implement) procedures to avoid errors under the FDCPA, during the collection of Plaintiff Whitson's Alleged Debt.

### *Use of False, Deceptive and Misleading Warrant to Collect Debt*

31. The Collection Lawsuit against Plaintiff Whitson was based on a sworn Account.

32. Defendants' sworn Account claim was defective because this claim was knowingly based on false, deceptive, and misleading statements in the sworn Affidavit filed with the Civil Warrant that were intended to deceive the State Court and Plaintiff Whitson.

33. By filing the Civil Warrant, Defendant Midland and Defendant Finklestein used deceptive and misleading representations or means in connection with collection of the Alleged Debt while unreasonably relying on Synchrony Bank or an assignee of Synchrony Bank as to the amount of debt allegedly owed by Plaintiff Whitson. Without knowledge of whether a written Contract existed or what it provided, Defendant Midland and Defendant Finklestein communicated credit information to the State Court, the general public, and Plaintiff Whitson, which is known or should be known to be false, in violation of **15 U.S.C. § 1692e(2).**

34. Defendants' Collection Lawsuit sought to collect Three Thousand Three Hundred

6

Case 2:22-cv-00131-CEA-CRW   Document 1   Filed 10/21/22   Page 6 of 14   PageID #: 6

Twenty-One Dollars and Eighty-Six Cents ($3,321.86) from Plaintiff Whitson plus post-judgment interest at maximum statutory rate and all cost incurred in pursuit of this debt.

35. Defendant Midland and Defendant Finklestein intentionally made a business decision to file the Collection Lawsuit without (a) obtaining knowledge as to whether a written Contract existed between Synchrony Bank and Plaintiff Whitson or if there was other documentation showing when or how the Alleged Debt was incurred, and (b) making a reasonable and adequate investigation as to whether Plaintiff Whitson owed the amount of the Alleged Debt Defendants were attempting to collect. Instead, Defendants solely relied on third parties for this information.

36. Defendant Midland and Defendant Finklestein's business decision to rely entirely on Synchrony Bank as to the amount of debt allegedly owed by Plaintiff Whitson without (a) obtaining knowledge as to whether a written Contract existed between Synchrony Bank and Plaintiff Whitson if there was other documentation showing when or how the Alleged Debt was incurred, and (b) making a reasonable and adequate investigation as to whether Plaintiff Whitson owed the amount of debt they were attempting to collect, was not a procedure reasonably adapted to avoid using a deceptive or misleading representation or means in connection with collection of the Alleged Debt.

37. By making a business decision to intentionally not (a) obtain knowledge as to whether a written Contract existed between Synchrony Bank and Plaintiff Whitson if there was other documentation showing when or how the Alleged Debt was incurred, and (b) make a reasonable and adequate investigation as to whether Plaintiff Whitson owed the amount of debt Defendants asserted as owed and due prior to filing the Collection Lawsuit, Defendant Midland and Defendant Finklestein intentionally used a deceptive and misleading representation in

7

connection with collection of the Alleged Debt as to the amount allegedly owed by Plaintiff Whitson.

38. The statement in the Civil Warrant that Plaintiff Whitson owed Three Thousand Three Hundred Twenty-One Dollars and Eighty-Six Cents ($3,321.86) plus post-judgment interest at maximum statutory rate and all cost incurred in pursuit of this debt was an amount based on a business decision to intentionally not (a) obtain knowledge as to whether a written Contract existed between Synchrony Bank and Plaintiff Whitson or if there was other documentation showing when or how the Alleged Debt was incurred, and (b) make a reasonable and adequate investigation as to whether Plaintiff Whitson owed the amount of debt Defendants sought from Plaintiff Whitson constitutes the use of deceptive and misleading representations or means in connection with collection of the Alleged Debt as it could easily create a false impression in the mind of the least sophisticated consumer that Defendant Midland and Defendant Finklestein had attempted to properly calculate the amount owed prior to filing the Civil Warrant, when the Defendant Midland and Defendant Finklestein had intentionally made no effort to do so, and the amount of the Alleged Debt was not authorized by the Agreement creating the Alleged Debt or permitted by law, in violation of **15 U.S.C. § 1692e, 1692e(5)**, **1692e(10), and 1692f(1)**.

### *Illegal Debt Collection, and Collection Service Conduct by Defendants Caused Plaintiff to Suffer Actual Damages*

39. That the above-detailed conduct by Defendants, of harassment, abuse, false, misleading, unfair and deceptive acts and/or practices in illegally attempting to collect a debt from Plaintiff Whitson in violation of numerous and multiple provisions of the FDCPA, including, but not limited to, all of the above mentioned provisions of the FDCPA.

40. That Plaintiff Whitson has suffered actual damages as a result of these illegal

8

communications and collection attempts by Defendants in the form of attorney's fees costs, anger, anxiety, emotional distress, fear, frustration, upset, humiliation, and embarrassment, amongst other motions, as well as suffering from unjustified and abusive invasions of personal privacy.

41. That Plaintiff Whitson is informed and believes and, therefore, alleges that Defendants knowingly and intentionally engaged in harassing, abusive, false, misleading, unfair, deceptive and illegal debt collection.

### *Summary*

42. The above-detailed conduct by Defendants in connection with collection of the Alleged Debt and in an attempt to collect the Alleged Debt was conducted in violation of numerous and multiple provisions of the FDCPA including, but not limited to, the above-cited provisions of the FDCPA.

### TRIAL BY JURY

43. Plaintiff Whitson is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

### CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692d

44. Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs one (1) through forty-three (43) upon herein with the same force and effect as if the same were set forth at length herein and further states as follows:

45. Defendants are subject to, and each violated the provisions of, **15 U.S.C. § 1692d** by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff

in connection with Defendants' efforts to collect the Alleged Debt from Plaintiff.

46. When Defendant Midland purchased Plaintiff Whitson's Alleged Debt, Defendants had not received any supporting documentation of the Alleged Debt, including, but not limited to, (a) the alleged underlying Contract between Synchrony Bank and Plaintiff Whitson, (b) anything bearing Plaintiff Whitson's signature, (c) any documentation regarding what Plaintiff Whitson purchased or when he made a purchase, (d) monthly billing statements, (e) a payment history, (f) documents showing how the amount of the alleged debt was calculated, or (g) any information which informs or shows them which portion of the Alleged Debt is principal and which portion is interest.

47. Specifically, Defendants filed the Collection Lawsuit without conducting due diligence as to whether there was a Contract signed by Plaintiff Whitson and, if so, whether the amount of the Alleged Debt asserted as owed by Plaintiff Whitson in the Affidavit was correct.

48. Subsequently, Defendants served the Collection Lawsuit on Plaintiff Whitson.

49. The filing and service of a Collection Lawsuit is a collection activity.

50. Defendants' conduct served no purpose other than to abuse and harass Plaintiff Whitson into paying the Alleged Debt, intending to lead Plaintiff Whitson to believe that he had no choice other than to pay or settle the Alleged Debt or else continue to endure Defendants abusive and oppressive efforts to collect the Alleged Debt.

51. As a direct and proximate result of Defendants' actions and inactions, Plaintiff sustained damages as defined by **15 U.S.C. § 1692k**.

## COUNT II.

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10)**

52. Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs one (1) through forty-three (43) upon herein with the same force and effect as if the same were set forth at length herein and further states as follows:

53. Defendants are subject to, and each violated the provisions of, **15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10)** by using false representations and deceptive means in attempting to collect the Alleged Debt, including by falsely representing the amount, legal status, or character of the Alleged Debt.

54. More specifically, Defendants violated **15 U.S.C. §§ 1692e, 1692e(2), and e(10)** by misleading the least sophisticated consumer to believe that he had a legally binding contract on which he failed to pay the amount of Three Thousand Three Hundred Twenty-One Dollars and Eighty-Six Cents ($3,321.86) plus post-judgment interest at maximum statutory rate and all cost incurred in pursuit of this debt without verifying that the Alleged Debt was Plaintiff Whitson's liability.

55. When Defendant Midland purchased Plaintiff Whitson's Alleged Debt, Defendants had not received any supporting documentation of the Alleged Debt, including, but not limited to, (a) the alleged underlying Contract between Synchrony Bank and Plaintiff Whitson, (b) anything bearing Plaintiff Whitson's signature, (c) any documentation regarding what Plaintiff Whitson purchased or when he made a purchase, (d) monthly billing statements, (e) a payment history, (f) documents showing how the amount of the alleged debt was calculated, or (g) any information which informs or shows them which portion of the Alleged Debt is principal and which portion is interest.

56. Specifically, Defendants filed the Collection Lawsuit without conducting due diligence as to whether there was a Contract signed by Plaintiff Whitson and, if so, whether the

11

amount of the Alleged Debt asserted as owed by Plaintiff Whitson in the Affidavit was correct.

57. Subsequently, Defendants served the Collection Lawsuit on Plaintiff Whitson.

58. The filing and service of a Collection Lawsuit is a collection activity.

59. As a direct and proximate result of Defendants' actions and inactions, Plaintiff sustained damages as defined by **15 U.S.C. § 1692k**.

## COUNT III.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692f and 1692f(1)

60. Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs one (1) through forty-three (43) upon herein with the same force and effect as if the same were set forth at length herein and further states as follows:

61. Defendants are subject to, and each violated the provisions of, **15 U.S.C. § 1692f and 1692f(1)** by using unfair or unconscionable means in an attempt to collect the Alleged Debt and by attempting to collect an amount not expressly authorized by the agreement creating the Alleged Debt or permitted by law.

62. More specifically, Defendants violated **15 U.S.C. §§ 1692f and 1692f(1)** by unfairly and unconscionably filing and serving the Collection Lawsuit against Plaintiff—asserting an amount owed from Plaintiff on the Alleged Debt—as Defendants failed to conduct reasonable due diligence to establish that Plaintiff owed the amount asserted by Defendants in the Collection Lawsuit.

63. Additionally, by filing and serving the Collection Lawsuit, Defendants falsely asserted that Plaintiff owed and failed to pay the amount of Three Thousand Three Hundred Twenty-One Dollars and Eighty-Six Cents ($3,321.86) plus post-judgment interest at maximum

statutory rate and all cost incurred in pursuit of this debt.

64. As stated herein, Defendants did not verify that the Alleged Debt was Plaintiff Whitson's liability prior to filing and serving the Collection Lawsuit and cannot establish that Plaintiff owes such amount on the Alleged Debt.

65. Therefore, Defendants unfairly and unconscionably attempted to collect an amount from Plaintiff that is not expressly authorized by any agreement creating the Alleged Debt and is not otherwise permitted by law.

66. The filing and service of a Collection Lawsuit is a collection activity.

67. As a direct and proximate result of Defendants' actions and inactions, Plaintiff sustained damages as defined by **15 U.S.C. § 1692k**.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Whitson prays that judgment be entered against each and every Defendant for:

a. an award of actual damages pursuant to **15 U.S.C. § 1692k(a)(1)** against each and every Defendant in an amount to be determined at trial by a jury;

b. an award of statutory damages pursuant to **15 U.S.C. § 1692k(a)(2)(A)** in the amount of One Thousand Dollars ($1,000.00) against each and every Defendant;

c. an award of attorneys' fees and costs; and

d. any other relief deemed just and proper by the Court.

Dated  October 11, 2022

                                          Respectfully submitted on behalf of,

                                          **DAVID LANE WHITSON, PLAINTIFF**

*/s/ William M. Kaludis*
William M. Kaludis, Attorney for Plaintiff
SHIELD LAW GROUP
BPR #017433
5115 Maryland Way, Suite 911
Brentwood, TN 37027
Telephone: (615) 742-8020
Facsimile: (615) 920-5988
bill@shieldlawgroup.com