IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| **DAVID LANE WHITSON,** | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:22-cv-00131-CEA-CRW |
| **MIDLAND FUNDING LLC, and FINKLESTEIN, KERN, STEINBERG, & CUNNINGHAM, PC**, | ) |
| Defendants. | ) |

**MEMORANDUM OF LAW
IN SUPPORT OF MIDLAND FUNDING LLC'S MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendant, Midland Funding LLC ("Midland"), by and through its undersigned counsel, submits its memorandum of law in support of its motion to dismiss the Complaint (Doc. 1, cited to as "Compl.") of Plaintiff David Lane Whitson ("Plaintiff") and further states as follows:

**SUMMARY OF GROUNDS**

Plaintiff has not plausibly alleged Article III standing such that this Court may exercise its subject matter jurisdiction over this case. Plaintiff alleges that Midland violated the Fair Debt Collection Practices Act ("FDCPA") by filing and serving Plaintiff with a collection suit and misrepresenting that he owed a debt. However, Plaintiff only makes a generalized allegation of emotional and reputational harm, along with a mention of "attorney's fees costs," in an attempt to state that Midland's collection suit harmed him. Plaintiff's bare allegation of emotional and reputational harm does not plausibly state a concrete injury in fact, which is especially true when Plaintiff's theory of invasion of privacy and defamation is not a traditionally recognized basis for a lawsuit under common law. Furthermore, Plaintiff's mention of "attorney's fees costs" does not

come close to plausibly alleging a tangible harm that is an injury in fact, but even if this Court did consider this allegation, these litigation costs are neither an injury in fact nor fairly traceable to Midland's alleged conduct when Midland voluntarily dismissed the collection suit prior to any appearance of Plaintiff's counsel. Because Plaintiff fails to plausibly allege Article III standing, Plaintiff's claims should be dismissed for lack of subject matter jurisdiction.

## SUMMARY OF FACTUAL ALLEGATIONS AND COLLECTION SUIT

This action arises out of Midland's collection suit against "David Whitson" (the "Collection Suit") in the General Sessions Court for Unicoi County (the "State Court"). (Compl., ¶¶ 11–19); (See Pleadings in State Court, Case No. 2018-CV-23696, attached hereto as Exhibit "1".)[1] Co-defendant Finklestein, Kern, Steinberg, & Cunningham, PC ("FKSC") represented Midland in the Collection Suit. (Compl., ¶ 17); (See Ex. 1.) On February 14, 2018, Midland, through FKSC as its counsel, filed the Collection Suit against "David Whitson" and attempted service at 104 Jones Cir., Erwin, TN 37650. (Compl., ¶¶ 13, 17); (Ex. 1, pp. 1–5.) Midland filed an alias complaint on July 29, 2021 and made another service attempt against "David Whitson" at a different address. (Ex. 1, pp. 6–10.) On May 24, 2022, Midland filed another alias complaint against "David Whitson" to be served at 113 Whitson Ln, Erwin, TN 37650. (Compl., ¶¶ 15–17); (Ex. 1, pp. 11–15.) Plaintiff "David Lane Whitson" claims to have been served at this address on May 25, 2022. (Compl., ¶¶ 15–17, 19.)

On August 12, 2022, forty-eight (48) days after Plaintiff alleges he was served with the Collection Suit, the State Court entered an Order of Nonsuit at Midland's request. (Compl., ¶ 18); (Ex. 1, p. 16.) No attorney for the Plaintiff appeared in the Collection Suit prior to this dismissal.

---

[1] The Court may consider the pleadings of the State Court because these pleadings are public records and the Collection Suit is central to Plaintiff's FDCPA claims.

(See Ex. 1, p. 17.)[2] In conclusory fashion, Plaintiff alleges that Midland's actions in the Collection Suit caused him to suffer "attorney's fees costs, anger, anxiety, emotional distress, fear, frustration, upset, humiliation, and embarrassment, amongst other motions *[sic]*, as well as suffering from unjustified and abusive invasions of personal privacy." (Compl., ¶ 40.)

## STANDARD OF REVIEW

Under Rule 12(b)(1), a facial attack for lack of subject matter jurisdiction challenges the sufficiency of the pleading. United States v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994). When reviewing a facial attack for lack of subject matter jurisdiction, including for lack of standing, a federal court "takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss." Gentek Bldg. Prod., Inc. v. Sherwin-Williams Co., 491 F.3d 320, 330 (6th Cir. 2007). However, conclusory allegations and legal conclusions will not prevent the dismissal of a claim for lack of subject matter jurisdiction. O'Bryan v. Holy See, 556 F.3d 361, 376 (6th Cir. 2009). Along with considering the allegations in the complaint, the Court may also consider matters of public record and materials necessarily embraced by the pleadings.[3] Plaintiff

---

[2] Counsel for Plaintiff appeared in the Collection Suit after the Order of Nonsuit on August 23, 2022. (Ex. 1, p. 17.) Plaintiff, through his counsel, subsequently filed a motion to dismiss on August 26, 2022, to which no ruling was entered as the matter had already been dismissed. (Id., pp. 18–19.)

[3] See e.g., Harris v. Sowers, No. 2:16-CV-888, 2022 WL 2118931, at *2 (S.D. Ohio June 13, 2022) (taking judicial notice of state court action when considering 12(b)(1) facial attack); Dealer VSC, Ltd. v. Tricor Auto. Grp.-US-Inc., No. 2:21-CV-3880, 2022 WL 523457, at *1 (S.D. Ohio Feb. 22, 2022) (considering the verified complaint, documents integral to and incorporated therein, and other documents subject to judicial notice to decide facial attack); Berry, o/b/o L.P. W. v. Comm'r of Soc. Sec., No. 1:17-CV-0053, 2017 WL 6492098, at *2 (S.D. Ohio June 16, 2017), report and recommendation adopted sub nom. Berry on behalf of L.W. v. Comm'r of Soc. Sec., No. 1:17-CV-53, 2017 WL 6406673 (S.D. Ohio Dec. 15, 2017) (considering those documents that are integral to the pleadings and of which the court can take judicial notice); Kasidonis v. State Auto Ins. Agency, No. 1:15-CV-285, 2016 WL 1337288, at *1 (S.D. Ohio Mar. 31, 2016), report and recommendation adopted, No. 1:15-CV-285, 2016 WL 4642142 (S.D. Ohio Sept. 7, 2016) (taking judicial notice of prior lawsuits on facial attack); see also Peterson v. Martinez, 707 F.3d 1197, 1206 (10th Cir. 2013) (taking judicial notice of statutes on facial attack); PlainsCapital Bank v. Rogers, 715 F. App'x 325, 327 (5th Cir. 2017) (taking judicial notice of state court pleadings);

only makes conclusory allegations to support his claim of Article III standing and, to the extent these pleadings are still considered, these general allegations are contradicted by the Collection Suit pleadings, which are central to and incorporated by reference into his Complaint.

## LAW AND ARGUMENT

To satisfy Article III standing, Plaintiff must plausibly allege that (1) he has suffered an injury in fact, (2) that this injury is fairly traceable to Midland's actions, and (3) a favorable decision likely will redress the harm. Turaani v. Wray, 988 F.3d 313, 316 (6th Cir. 2021), cert. denied, 211 L. Ed. 2d 98, 142 S. Ct. 225 (2021) (citing Spokeo, Inc. v. Robins, ––– U.S. –––, 136 S. Ct. 1540, 1547, 194 L.Ed.2d 635 (2016)). Each of these three elements is an "irreducible constitutional minimum." Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992). When "a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016) (quoting Warth v. Seldin, 422 U.S. 490, 498 (1975)).

Plaintiff cannot state an injury in fact by alleging "a bare procedural violation [of the FDCPA], divorced from any concrete harm[.]" Spokeo, Inc. v. Robins, 578 U.S. 330, 341 (2016); Lyshe v. Levy, 854 F.3d 855, 859 (6th Cir. 2017) (A bare procedural violation of the FDCPA's prohibition against "receiving false information in connection with debt collection activities" is insufficient for Article III standing). Other than a bare procedural violation of the FDCPA, Plaintiff alleges, in conclusory fashion, that he has suffered a concrete harm in the form of "attorney's fees costs, anger, anxiety, emotional distress, fear, frustration, humiliation, and embarrassment, amongst other motions *[sic]*, as well as suffering from unjustified and abusive invasions of personal privacy." (Compl., ¶ 40.) This conclusory allegation does not satisfy Plaintiff's burden to

---

Degnan v. Sebelius, 959 F. Supp. 2d 1190, 1193 (D. Minn. 2013), aff'd sub nom. Degnan v. Burwell, 765 F.3d 805 (8th Cir. 2014) ("[T]he court limits its inquiry to the pleadings, matters of public record and materials necessarily embraced by the pleadings").

plausibly plead the injury fact and causation elements for Article III standing. Therefore, Plaintiff's claims should be dismissed for lack of subject matter jurisdiction. Midland first addresses Plaintiff's conclusory list of intangible harm ("anger, anxiety, emotional distress, fear, frustration, humiliation, and embarrassment, amongst other [e]motions") and then Plaintiff's cursory reference to an alleged tangible harm ("attorney's fees costs").

> **A.  Plaintiff Fails To Plausibly State An Injury In Fact For His Alleged Emotional And Reputational Harm.**

An injury in fact must be concrete. Ward v. Nat'l Patient Acct. Servs. Sols., Inc., 9 F.4th 357, 361 (6th Cir. 2021). Intangible harms (including, "for example, reputational harms, disclosure of private information, and intrusion upon seclusion") that bear a close relationship to harms traditionally recognized as providing a basis for a lawsuit may be concrete injuries. TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2204–05 (2021). However, a bare allegation of anxiety is insufficient for an Article III injury in fact without "a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit." Garland v. Orlans, PC, 999 F.3d 432, 439 (6th Cir. 2021). Furthermore, "[g]eneralized allegations of reputational harm are not enough without alleging "specific, concrete facts" showing a "demonstrable" injury." Turaani, 988 F.3d at 317–18 (quoting Warth v. Seldin, 422 U.S. 490, 508 (1975)). Plaintiff makes a conclusory and generalized allegation of emotional and reputational harm that does not have a close relationship to a harm traditionally recognized as a basis for a lawsuit under common law.

> **1.  Plaintiff fails to plausibly allege his emotional and reputational harm.**

Plaintiff asserts only a generalized allegation of emotional distress and reputational harm. (Compl., ¶ 40.) Plaintiff alleges he suffered from "anger, anxiety, emotional distress, fear, frustration, humiliation, and embarrassment, amongst other [e]motions" but fails to specifically identify how he suffered reputational harm or the severity, including any physical manifestations of, or treatment for his alleged emotional distress. (Compl., ¶ 40.) The Sixth Circuit found that a

similar conclusory allegation of reputational harm (an allegation that plaintiff's standing in the community had suffered) was insufficient to plead an injury in fact. Turaani, 988 F.3d at 317. Plaintiff's mention of "humiliation" and "embarrassment" does not come close to the alleged detail in Turaani and thus, fails to state an injury-in-fact for reputational harm.

Plaintiff also fails to allege emotional harm with any specific facts. Garland, 999 F.3d at 439–40 (requiring specific detail of emotional harm). Because "[s]ome forms of anxiety or emotional harm are cognizable under the common law, but others are not[,]" whether emotional harm is an injury in fact depends upon the defendant's conduct and the severity of the harm. Garland, 999 F.3d at 439–40. Only extreme and outrageous behavior may result in emotional distress that is an Article III injury in fact, but Plaintiff has not alleged any facts to even suggest that the Collection Suit was extreme and outrageous behavior. Id. Indeed, Plaintiff merely alleges that Midland filed, served, and voluntarily dismissed the Collection Suit. (Compl., ¶ 18.) Filing a lawsuit and serving a lawsuit, especially one that is voluntarily dismissed, does not amount to outrageous conduct that could result in emotional harm sufficient for an injury in fact. See Lane v. Becker, 334 S.W.3d 756, 763 (Tenn. Ct. App. 2010). Therefore, Plaintiff's alleged injury in fact only amounts to a bare allegation of emotional and reputational harm, which is insufficient to support Article III standing on its own.

> **2. Plaintiff's Bare Allegation Of Emotional And Reputational Harm Does Not Have A Close Relationship To Harm That Has Traditionally Been Regarded As A Basis For A Lawsuit Under Common Law.**

Plaintiff's bare allegation of emotional distress and reputational harm is insufficient to establish an injury in fact without "a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit." Garland, 999 F.3d at 439; see also Ramirez, 141 S. Ct. at 2204 (assessing whether a reputational harm is an injury in fact based upon it being a traditional harm providing the basis for a lawsuit). Under the most liberal interpretation of

Plaintiff's conclusory allegations, Plaintiff alleges that he suffers from emotional distress and reputational harm as a result of an invasion of privacy; that is, from being wrongfully named as a defendant to a publicly-filed Collection Suit. (Compl., ¶ 40.) Plaintiff also appears to suggest, for this same reason, that the Collection Suit defamed him. (Id., ¶ 33.) Federal courts evaluate a defendant's conduct to determine whether an alleged intangible harm has a close relationship to harm that has traditionally been regarded as a basis for a lawsuit under common law. Garland, 999 F.3d at 439.

Midland's alleged conduct – filing and serving a Collection Suit against purportedly the wrong debtor – is not a traditional basis for an invasion of privacy or defamation lawsuit under common law, because such claims cannot be based upon pleadings or representations made during litigation. Under common law, the absolute litigation privilege bars any claim for defamation, invasion of privacy, slander, or any similar tort when they are based upon statements made in litigation. Restatement (Second) of Torts § 587 (1977) ("A party to a private litigation . . . is absolutely privileged to publish defamatory matter concerning another . . . in the institution of or during the course and as a part of, a judicial proceeding in which he participates, if the matter has some relation to the proceeding."); see also Lambdin Funeral Serv., Inc. v. Griffith, 559 S.W.2d 791, 792 (Tenn. 1978) (holding that statements made during litigation "cannot be the predicate for liability in an action for libel, slander, or invasion of privacy").[4] This absolute litigation privilege

---

[4] Midland understands that "standing in federal court is a question of federal law, not state law." Hollingsworth v. Perry, 570 U.S. 693, 715 (2013). However, federal courts have evaluated state law and the Restatement of Torts to assess whether a plaintiff has alleged a concrete injury traditionally recognized as a basis for suit under the common law. See e.g., Fund Liquidation Holdings LLC v. Bank of Am. Corp., 991 F.3d 370, 385–86 (2d Cir. 2021), cert. denied, 211 L. Ed. 2d 475, 142 S. Ct. 757 (2022) ("[S]tate law often defines the legal relationships between people and things, which are necessary to understanding whether a particular plaintiff has suffered an injury in fact."); Cottrell v. Alcon Lab'ys, 874 F.3d 154, 164 (3d Cir. 2017) ("Both federal law and state law—including state statutes—"can create interests that support standing in federal courts.'") (quoting Cantrell v. City of Long Beach, 241 F.3d 674, 684 (9th Cir. 2001) (citing FMC Corp. v. Boesky, 852 F.2d 981, 992 (7th Cir. 1988)); see also Ward v. Nat'l Patient Acct. Servs. Sols., Inc.,

"is, in effect, a complete immunity."[5] Litigants are immune to defamation and invasion of privacy suits stemming from statements made during the course of a judicial proceeding, "regardless of whether they are malicious, false, known to be false, **or against a stranger to the proceeding**."[6] Even when the litigation privilege is not at issue, representations made during litigation cannot be the basis for an invasion of privacy claim, despite a plaintiff revealing information that the defendant would rather not become public.[7] Furthermore, filing and prosecuting of a lawsuit is not a basis for emotional harm under common law.[8]

Plaintiff alleges that he suffered emotional distress and reputational harm from Midland filing and serving the Collection Suit against him, which allegedly misrepresented that he owed a debt. (Compl., ¶¶ 11–41.) Because the representations made in, and the filing and service of, the

---

9 F.4th 357, 362 (6th Cir. 2021) (evaluating Restatement of Torts to determine whether harm under FDCPA suit is traditionally recognized as a basis for suit under common law); Wilkinson v. Passport Labs, Inc., No. 22-10714, 2022 WL 4870793, at *3 (E.D. Mich. Oct. 3, 2022) (evaluating Michigan law and the Restatement of Torts to assess whether the allegations of intangible harm result a harm traditionally regarded as providing a basis for a lawsuit).

[5] Simpson Strong-Tie Co. v. Stewart, Estes & Donnell, 232 S.W.3d 18, 22 (Tenn. 2007). The reason for this privilege is "the public's interest in and need for a judicial process free from the fear of a suit for damages for defamation or invasion of privacy based on statements made in the course of a judicial or quasi-judicial proceeding." Griffith, 559 S.W.2d at 792; see also Graham v. Archer, No. E201600743COAR3CV, 2017 WL 3432687, at *3 (Tenn. Ct. App. Aug. 10, 2017) ("We hold again, as a matter law, that Graham has failed to establish a claim for invasion of privacy based upon the affidavits filed in court in the underlying action").

[6] Simpson, 232 S.W.3d at 23 (quoting Jones v. Trice, 360 S.W.2d 48, 50 (1962) (emphasis added); see also Jones v. State, 426 S.W.3d 50, 57 (Tenn. 2013) ("[S]tatements made in judicial proceedings are absolutely privileged").

[7] Meeks v. Gasaway, No. M2012-02083-COA-R3CV, 2013 WL 6908942, at *7 (Tenn. Ct. App. Dec. 30, 2013); see also Williamson v. Cocke Cnty. HMA, LLC, No. 2:18-CV-116, 2019 WL 13197853, at *8 (E.D. Tenn. June 27, 2019) (dismissing invasion of privacy claim when only based upon an allegation of filing a collection suit). Payne v. Ford Motor Credit Co., LLC, No. CV SAG-20-00034, 2020 WL 5250287, at *5 (D. Md. Sept. 3, 2020) (extending the tort of intrusion upon seclusion to filing wrongful financial suits would be at odds with common sense since financial disputes are necessarily made public when filed).

[8] Lane, 334 S.W.3d at 763.

Collection Suit would not be a traditional basis for a defamation or invasion of privacy suit under common law, Plaintiff's bare allegations of emotional and reputational harm cannot be an injury in fact under Article III. Therefore, Plaintiff's allegations of emotional and reputational harm are insufficient for Article III standing.

> **B. Plaintiff Fails To Plausibly Allege That His Litigation Costs Are An Injury In Fact That Are Fairly Traceable To Midland's Actions.**

Generally, attorney's fees are not a concrete injury in fact because a plaintiff would always satisfy Article III standing when retaining counsel to file suit. Hurst v. Caliber Home Loans, Inc., 44 F.4th 418, 423 (6th Cir. 2022). Otherwise, a plaintiff could "manufacture standing by choosing to make expenditures based on hypothetical future harm that is not certainly impending." Id. (quoting Clapper v. Amnesty Int'l USA, 568 U.S. 398, 402, 133 S.Ct. 1138, 185 L.Ed.2d 264 (2013)). There is a narrow exception to this rule when a party incurs litigation costs seeking "some other benefit besides reimbursement of costs that are a byproduct of the litigation itself." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 107 (1998); see also Uzuegbunam v. Preczewski, 209 L. Ed. 2d 94, 141 S. Ct. 792, 801 (2021).[9] In other words, litigation costs may be an injury in fact if incurred in separate and distinct litigation that resulted from the alleged harm; that is, the fees are not a byproduct of litigating the dispute itself. Hurst, 44 F.4th at 423.

Plaintiff has not plausibly alleged that his "attorney's fees costs" are an injury in fact. Because "attorney's fees costs" might only be an injury in fact if incurred during the Collection Suit, Plaintiff does not meet his burden to plead an injury in fact by failing to allege this fact. (See generally Compl.) It is implausible (and the Court should not infer) that Plaintiff incurred litigation costs as part of the Collection Suit when Midland voluntarily dismissed the suit a mere forty-eight

---

[9] See also Duncan v. Liberty Mut. Ins. Co., 854 F. App'x 652, 670 (6th Cir. 2021), cert. denied, 211 L. Ed. 2d 479, 142 S. Ct. 767 (2022) (voluntarily incurring costs to bring suit is not a concrete and legally protected interest sufficient to be an injury in fact).

(48) days after serving Plaintiff. (Compl., ¶ 18.) Plaintiff "cannot show concrete harm simply by pointing to the cost of hiring counsel[,]" but under the most liberal interpretation of his allegations, that is all Plaintiff has alleged. Ward, 9 F.4th at 363.

Should this Court, however, consider Plaintiff's mention of "attorney's fees costs" sufficient to allege an injury in fact, Plaintiff still fails to plausibly allege that these litigation costs are fairly traceable to Midland's conduct. Conclusory and speculative allegations are insufficient to state that an injury in fact is fairly traceable to a defendant's conduct. Thomas v. TOMS King (Ohio), LLC, 997 F.3d 629, 639 (6th Cir. 2021). Plaintiff alleges, in conclusory and speculative fashion, that suffered litigation costs "from unjustified and abusive invasions of personal privacy." (Compl., ¶ 40). This allegation is insufficient to state that litigation costs are fairly traceable to Midland's Collection Suit. For this reason alone, Plaintiff's mention of "attorney's fees costs" does not establish Article III standing.

When looking further to the Collection Suit pleadings, it becomes clear that Plaintiff has not and cannot allege that litigation costs were an injury in fact and fairly traceable to Midland's conduct. (Ex. 1.) After all, Plaintiff's counsel only entered an appearance and moved to dismiss *after* the Order of Nonsuit. (Ex. 1, pp. 16–19.) Any litigation costs from this appearance and motion to dismiss cannot be an injury in fact, because the threat of collection and the Plaintiff's need for any litigation costs to secure a dismissal had already ended prior to Plaintiff's counsel's involvement in the Collection Suit. (Id.) In other words, any litigation costs incurred to dismiss the Collection Suit could not have provided "some other benefit" to him since a dismissal had already been entered. Steel, 523 U.S. at 107. Furthermore, any litigation costs incurred by Plaintiff were self-inflicted and thus, cannot be fairly traceable to Midland's alleged conduct, since Plaintiff, though his counsel, chose to voluntarily intervene in a lawsuit that had already been dismissed. See Clapper v. Amnesty Int'l USA, 568 U.S. 398, 418 (2013) (holding that a self-inflicted injury

Case 2:22-cv-00131-CEA-CRW    Document 25    Filed 02/13/23    Page 10 of 12    PageID #: 83

10

is not fairly traceable to a defendant's alleged conduct).[10] Indeed, appearing in and moving to dismiss a Collection Suit that has already been dismissed amounts to manufactured standing that is prohibited by federal law. Hurst, 44 F.4th at 423. Accordingly, Plaintiff has not and cannot plausibly allege that his litigation costs are an injury in fact and fairly traceable to Midland's actions.

## CONCLUSION

Based on the foregoing, Midland respectfully requests that this Court grant its Motion to Dismiss and enter an Order dismissing Plaintiff's claims for lack of subject matter jurisdiction.

Respectfully submitted,

/s/ Joseph V. Ronderos
Shaun K. Ramey
Joseph V. Ronderos
McGlinchey Stafford
424 Church St., Suite 2000
Nashville, TN 37219
(615) 762-9044 (telephone)
(615) 523-1725 (facsimile)
sramey@mcglinchey.com
jronderos@mcglinchey.com
*Attorneys for Midland Funding LLC*

---

[10] See e.g., Diamond v. Charles, 476 U.S. 54, 70–71 (1986) ("Any liability for fees is, of course, a consequence of Diamond's decision to intervene, but it cannot fairly be traced to the Illinois Abortion Law"); La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest, 624 F.3d 1083, 1088 (9th Cir. 2010) (An organization "cannot manufacture the injury by incurring litigation costs or simply choosing to spend money fixing a problem that otherwise would not affect the organization at all . . . must instead show that it would have suffered some other injury if it had not diverted resources to counteracting the problem").

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2023, I electronically filed the foregoing with the Clerk of the Court using the e-filing system, which will send a notification of such filing to the following counsel of record:

William M. Kaludis
Shield Law Group
5115 Maryland Way, Suite 911
Brentwood, TN 37027
Bill@shieldlawgroup.com

Brent Snyder
Banks & Jones
2125 Middlebrook Pike
Knoxville, TN 37921
865-546-2141
Fax: 865-546-5777
Email: brentsnyder77@gmail.com
*Attorneys for David Lane Whitson*

Megan Calme
Wilson Elser Moskowitz Edelman
& Dicker, LLP
100 Mallard Creek Road, Suite 250
Louisville, KY 40207
Telephone: 502-238-8500
Facsimile: 502-238-7995
megan.calme@wilsonelser.com
*Attorney for Defendant*
*Finkelstein, Kern, Steinberg & Cunningham, PC*

                                                                    /s/Joseph V. Ronderos
                                                                    OF COUNSEL