IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| DAVID LANE WHITSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:22-cv-00131-CEA-CRW |
| MIDLAND FUNDING LLC, and FINKLESTEIN, KERN, STEINBERG & CUNNINGHAM, PC, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## Answer of
## Finklestein, Kern, Steinberg & Cunningham, PC
## to Plaintiff's First Amended Complaint

Defendant Finklestein, Kern, Steinberg & Cunningham, PC ("FKSC"), by counsel, for its answer to the first amended complaint of David Lane Whitson ("plaintiff") states as follows:

1. The averments of paragraph 1 of plaintiff's complaint state conclusions of law to which no response is required. To the extent that a response can be construed as being required, FKSC is without sufficient information form a belief with regard to the averments and therefore denies same.

2. The averments of paragraph 2 of plaintiff's complaint state conclusions of law to which no response is required. To the extent that a response can be construed as being required, FKSC is without sufficient information form a belief with regard to the averments and therefore denies same.

3. The averments of paragraph 3 of plaintiff's complaint state conclusions of law to which no response is required. To the extent that a response can be construed as being required, FKSC is without sufficient information form a belief with regard to the averments and therefore denies same.

4. The averments of paragraph 4 of plaintiff's complaint state conclusions of law to which no response is required. To the extent that a response can be construed as being required, FKSC is without sufficient information form a belief with regard to the averments and therefore denies same.

5. The averments of paragraph 5 of plaintiff's complaint state conclusions of law to which no response is required. To the extent that a response can be construed as being required, FKSC is without sufficient information form a belief with regard to the averments and therefore denies same.

6. FKSC admits so much of the averments of paragraph 6 of plaintiff's complaint relating to his residence in Unicoi County, Tennessee. The remaining averments of paragraph 6 of plaintiff's complaint state conclusions of law to which no response is required. To the extent that a response can be construed as being required, FKSC is without sufficient information form a belief with regard to the averments and therefore denies same.

7. FKSC is without sufficient information to form a belief regarding the averments of paragraph 7 as reference defendant Midland's state of organization and agent for service. The remaining averments of paragraph 7 of plaintiff's complaint state conclusions of law to which no response is required. To the extent that a response can be construed as being required, FKSC is without sufficient information form a belief with regard to the averments and therefore denies same.

8. FKSC admits the averments of paragraph 8 of plaintiff's complaint relating to its establishment in Tennessee and service agent. The remaining averments of paragraph 8 of plaintiff's complaint state conclusions of law to which no response is required. To the extent that a response can be construed as being required, FKSC is without sufficient information form a belief with regard to the averments and therefore denies same.

9. The averments of paragraph 9 of plaintiff's complaint state conclusions of law to which no response is required. To the extent that a response can be construed as being required, FKSC is without sufficient information form a belief with regard to the averments and therefore denies same.

10. The averments of paragraph 10 of plaintiff's complaint state conclusions of law to which no response is required. To the extent that a response can be construed as being required, FKSC is without sufficient information form a belief with regard to the averments and therefore denies same.

11. The averments of paragraph 11 of plaintiff's complaint state conclusions of law to which no response is required. To the extent that a response can be construed as being required, FKSC is without sufficient information form a belief with regard to the averments and therefore denies same.

12. The averments of paragraph 12 of plaintiff's complaint state conclusions of law to which no response is required. To the extent that a response can be construed as being required, FKSC is without sufficient information form a belief with regard to the averments and therefore denies same.

13. FKSC is without sufficient information to form a belief with regard to the averments of paragraph 13 of plaintiff's complaint, and therefore denies same.

14. FKSC admits the averments of paragraph 14 the plaintiff's complaint.

15. FKSC is without sufficient information to form a belief with regard to the averments of paragraph 15 of plaintiff's complaint, and therefore denies same.

16. The averments of paragraph 16 of plaintiff's complaint state conclusions of law to which no response is required. To the extent that a response can be construed as being required, FKSC is without sufficient information form a belief with regard to the averments and therefore denies same.

17. FKSC admits the so much of averments of paragraph 17 the plaintiff's complaint that it filed, on behalf of defendant Midland, an action in the General

Sessions Court of Unicoi County against "David Whitson." FKSC denies that this action was filed against plaintiff David Lane Whitson.

18. FKSC admits the averments of paragraph 18 of plaintiff's complaint.

19. FKSC admits so much of the averments of paragraph 19 of plaintiff's complaint that a summons was issued to David Whitson at 104 Jones Cir., Erwin, TN 37650 and that it was not served.

20. FKSC admits so much of the averments of paragraph 20 of plaintiff's complaint that it sent a letter dated June 21, 2022, to nonparty David Whitson but delivered it to plaintiff's address of 113 Whitson Ln., Erwin, TN 37650.

21. FKSC admits so much of the averments of paragraph 21 of plaintiff's complaint as correctly state the contents of the June 21, 2022, letter. The remaining averments of paragraph 21 of plaintiff's complaint state conclusions of law to which no response is required. To the extent that a response can be construed as being required, FKSC is without sufficient information form a belief with regard to the averments and therefore denies same.

22. FKSC denies the averments of paragraph 22 of plaintiff's complaint.

23. FKSC is without sufficient information to form a belief with regard to the averments of paragraph 23 of plaintiff's complaint, and therefore denies same.

24. FKSC admits so much of the averments of paragraph 24 of plaintiff's complaint that it caused an alias summons to be issued on or about June 24, 2022 to nonparty David Whitson but that it was served on plaintiff at the address referenced in the summons. The remaining averments of paragraph 24 of plaintiff's complaint state conclusions of law to which no response is required. To the extent that a response can be construed as being required, FKSC is without sufficient information form a belief with regard to the averments and therefore denies same.

25. FKSC is without sufficient information to form a belief with regard to the averments of paragraph 25 of plaintiff's complaint, and therefore denies same.

26. FKSC admits so much of the averments of paragraph 26 of plaintiff's complaint that it sent a letter dated June 30, 2022, to David Whitson at plaintiff's address of 113 Whitson Ln., Erwin, TN 37650.

27. FKSC admits so much of the averments of paragraph 27 of plaintiff's complaint as correctly state the contents of the June 30, 2022, letter. The remaining averments of paragraph 27 of plaintiff's complaint state conclusions of law to which no response is required. To the extent that a response can be construed as being required, FKSC is without sufficient information form a belief with regard to the averments and therefore denies same.

28. FKSC is without sufficient information to form a belief with regard to the averments of paragraph 28 of plaintiff's complaint, and therefore denies same.

29. FKSC is without sufficient information to form a belief with regard to the averments of paragraph 29 of plaintiff's complaint, and therefore denies same.

30. FKSC is without sufficient information to form a belief with regard to the averments of paragraph 30 of plaintiff's complaint, and therefore denies same.

31. FKSC is without sufficient information to form a belief with regard to the averments of paragraph 31 of plaintiff's complaint, and therefore denies same.

32. FKSC is without sufficient information to form a belief with regard to the averments of paragraph 32 of plaintiff's complaint, and therefore denies same.

33. FKSC is without sufficient information to form a belief with regard to the averments of paragraph 33 of plaintiff's complaint, and therefore denies same.

34. FKSC admits the averments of paragraph 34 of plaintiff's complaint.

35. FKSC admits the averments of paragraph 35 of plaintiff's complaint.

36. FKSC is without sufficient information to form a belief with regard to the averments of paragraph 36 of plaintiff's complaint, and therefore denies same.

37. FKSC is without sufficient information to form a belief with regard to the averments of paragraph 37 of plaintiff's complaint, and therefore denies same.

38. FKSC is without sufficient information to form a belief with regard to the averments of paragraph 38 of plaintiff's complaint, and therefore denies same.

39. The averments of paragraph 39 of plaintiff's complaint state conclusions of law to which no response is required. To the extent that a response can be construed as being required, FKSC is without sufficient information form a belief with regard to the averments and therefore denies same.

40. The averments of paragraph 40 of plaintiff's complaint state conclusions of law to which no response is required. To the extent that a response can be construed as being required, FKSC is without sufficient information form a belief with regard to the averments and therefore denies same.

41. With regard to the averments of paragraph 41 of plaintiff's complaint, FKSC adopts its substantive responses to the referenced paragraphs.

42. The averments of paragraph 42 of plaintiff's complaint state conclusions of law to which no response is required. To the extent that a response can be construed as being required, FKSC is without sufficient information form a belief with regard to the averments and therefore denies same.

43. The averments of paragraph 43 of plaintiff's complaint state conclusions of law to which no response is required. To the extent that a response can be construed as being required, FKSC is without sufficient information form a belief with regard to the averments and therefore denies same.

44. The averments of paragraph 44 of plaintiff's complaint state conclusions of law to which no response is required. To the extent that a response can be construed as being required, FKSC is without sufficient information form a belief with regard to the averments and therefore denies same.

45. The averments of paragraph 45 of plaintiff's complaint state conclusions of law to which no response is required. To the extent that a response can be construed as being required, FKSC is without sufficient information form a belief with regard to the averments and therefore denies same.

46. The averments of paragraph 46 of plaintiff's complaint state conclusions of law to which no response is required. To the extent that a response can be construed as being required, FKSC is without sufficient information form a belief with regard to the averments and therefore denies same.

47. The averments of paragraph 47 of plaintiff's complaint state conclusions of law to which no response is required. To the extent that a response can be construed as being required, FKSC is without sufficient information form a belief with regard to the averments and therefore denies same.

48. The averments of paragraph 48 of plaintiff's complaint state conclusions of law to which no response is required. To the extent that a response can be construed as being required, FKSC is without sufficient information form a belief with regard to the averments and therefore denies same.

49. FKSC denies the averments in paragraph 49 of plaintiff's complaint.

50. FKSC denies the averments in paragraph 50 of plaintiff's complaint.

51. FKSC denies the averments in paragraph 51 of plaintiff's complaint.

52. FKSC denies the averments in paragraph 52 of plaintiff's complaint.

53. With regard to the averments of paragraph 53 of plaintiff's complaint, FKSC adopts its substantive responses to the referenced paragraphs.

54. The averments of paragraph 54 of plaintiff's complaint state conclusions of law to which no response is required. To the extent that a response can be construed as being required, FKSC is without sufficient information form a belief with regard to the averments and therefore denies same.

55. The averments of paragraph 55 of plaintiff's complaint state conclusions of law to which no response is required. To the extent that a response can be construed as being required, FKSC is without sufficient information form a belief with regard to the averments and therefore denies same.

56. FKSC denies the averments in paragraph 56 of plaintiff's complaint.

57. FKSC denies the averments in paragraph 57 of plaintiff's complaint

58. The averments of paragraph 58 of plaintiff's complaint state conclusions of law to which no response is required. To the extent that a response can be construed as being required, FKSC is without sufficient information form a belief with regard to the averments and therefore denies same.

59. FKSC denies the averments in paragraph 59 of plaintiff's complaint.

60. FKSC denies the averments in paragraph 60 of plaintiff's complaint.

61. The averments of paragraph 61 of plaintiff's complaint state conclusions of law to which no response is required. To the extent that a response can be construed as being required, FKSC is without sufficient information form a belief with regard to the averments and therefore denies same.

62. The averments of paragraph 62 of plaintiff's complaint state conclusions of law to which no response is required. To the extent that a response can be construed as being required, FKSC is without sufficient information form a belief with regard to the averments and therefore denies same.

63. The averments of paragraph 63 of plaintiff's complaint state conclusions of law to which no response is required. To the extent that a response can be construed as being required, FKSC is without sufficient information form a belief with regard to the averments and therefore denies same.

64. The averments of paragraph 64 of plaintiff's complaint state conclusions of law to which no response is required. To the extent that a response can be construed

as being required, FKSC is without sufficient information form a belief with regard to the averments and therefore denies same.

65. The averments of paragraph 65 of plaintiff's complaint state conclusions of law to which no response is required. To the extent that a response can be construed as being required, FKSC is without sufficient information form a belief with regard to the averments and therefore denies same.

66. Any and all averments not specifically admitted are denied.

## Affirmative Defenses

67. Plaintiff's complaint fails to state a claim for which relief can be granted.

68. Plaintiff lacks standing to assert the claims in the complaint.

69. Plaintiff failed to mitigate his damages.

WHEREFORE, for the foregoing reasons, Defendant Finklestein, Kern, Steinberg & Cunningham, PC requests the following relief:

A. Dismissal of plaintiff's complaint with prejudice;

B. Its costs herein expended;

C. Leave to amend this answer upon completion of reasonable discovery; and,

D. Any and all other relief to which it may reasonably appear to be entitled.

Respectfully submitted,

*/s/ John Dwyer*
John H. Dwyer, Jr. PHV87232
Megan Calme BPR 038145
Wilson Elser Moskowitz Edelman
   & Dicker, LLP
100 Mallard Creek Road, Suite 250
Louisville, KY 40207
Telephone: 502-238-8500
Facsimile: 502-238-7995
Email: john.dwyerjr@wilsonelser.com
      megan.calme@wilsonelser.com
*Counsel for Defendant Finklestein, Kern, Steinberg & Cunningham, PC*