IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| DAVID LANE WHITSON, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 2:22-cv-00131-CEA-CRW |
| MIDLAND FUNDING LLC, and FINKELSTEIN, KERN, STEINBERG, & CUNNINGHAM, PC, | ) |
|     Defendants. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES OF MIDLAND FUNDING LLC

Subject to, and without waiving its objection to subject matter jurisdiction, Defendant, Midland Funding LLC ("Midland"), by and through undersigned counsel, answers Plaintiff David Lane Whitson's ("Plaintiff") First Amended Complaint (Doc. 34) as follows:

## PRELIMINARY STATEMENT[1]

1. Denied.

## JURISDICTION AND VENUE

2. Denied.

3. Denied.

4. Midland generally admits that Venue is proper in this District but does not waive and expressly reserves its objection to jurisdiction.

---

[1] These headers and sub-headers from Plaintiff's Amended Complaint are for the convenience of the Parties and the Court in reviewing pleadings and in no way act as an admission of any kind.

5. Midland admits that it regularly conducts business in this District but denies that jurisdiction is proper in this District and any suggestion of wrongdoing in Plaintiff's allegation that Midland regularly attempts to collect debts in this District.

## PARTIES

6. Midland is without sufficient information to either admit or deny the allegations contained in paragraph 6 and demands strict proof thereof.

7. Denied.

8. Midland is without sufficient information to either admit or deny the allegations contained in paragraph 8 and demands strict proof thereof.

## FAIR DEBT COLLECTION PRACTICES ACT

9. To the extent that paragraph 9 contains any allegation or averment of wrongful or tortious conduct by Midland, Midland denies those allegations or averments and demands strict proof thereof.

10. To the extent that paragraph 10 contains any allegation or averment of wrongful or tortious conduct by Midland, Midland denies those allegations or averments and demands strict proof thereof.

11. To the extent that paragraph 11 contains any allegation or averment of wrongful or tortious conduct by Midland, Midland denies those allegations or averments and demands strict proof thereof.

12. To the extent that paragraph 12 contains any allegation or averment of wrongful or tortious conduct by Midland, Midland denies those allegations or averments and demands strict proof thereof.

# FACTUAL ALLEGATIONS

*June 24, 2022 Collection Lawsuit & June 21 & 30, 2022 Collection Letters*

13. Denied.

14. To the extent that paragraph 14 contains any allegation or averment of wrongful or tortious conduct by Midland, Midland denies those allegations or averments and demands strict proof thereof.

15. Denied.

16. Midland is without sufficient information to either admit or deny the allegations contained in paragraph 16 and demands strict proof thereof.

17. The pleading referenced in paragraph 17 is a document that speaks for itself. Midland denies any allegations contrary to the document itself.

18. The pleading referenced in paragraph 18 is a document that speaks for itself. Midland denies any allegations contrary to the document itself.

19. The pleading referenced in paragraph 19 is a document that speaks for itself. Midland denies any allegations contrary to the document itself.

20. Midland is without sufficient information to either admit or deny the allegations contained in paragraph 20 and therefore denies the same.

21. Midland is without sufficient information to either admit or deny the allegations contained in paragraph 21 and therefore denies the same.

22. Midland is without sufficient information to either admit or deny the allegations contained in paragraph 22 and therefore denies the same.

23. Midland is without sufficient information to either admit or deny the allegations contained in paragraph 23 and therefore denies the same.

24. Midland denies that the alias civil summons was an attempt to collect a debt and a "communication" as defined by 15 U.S.C. § 1692a(2). The document referenced in paragraph 24 is a document that speaks for itself. Midland denies any allegations contrary to the document itself.

25. Midland is without sufficient information to either admit or deny the allegations contained in paragraph 25 and therefore denies the same.

26. Midland is without sufficient information to either admit or deny the allegations contained in paragraph 26 and therefore denies the same.

27. Midland is without sufficient information to either admit or deny the allegations contained in paragraph 27 and therefore denies the same.

28. Midland is without sufficient information to either admit or deny the allegations contained in paragraph 28 and therefore denies the same.

29. Midland is without sufficient information to either admit or deny the allegations contained in paragraph 29 and therefore denies the same.

30. Midland is without sufficient information to either admit or deny the allegations contained in paragraph 30 and therefore denies the same.

31. Midland is without sufficient information to either admit or deny the allegations contained in paragraph 31 and therefore denies the same.

32. Midland is without sufficient information to either admit or deny the allegations contained in paragraph 32 and therefore denies the same.

33. The documents referenced in paragraph 33 are documents that speak for themselves. Midland denies any allegations contrary to the document themselves.

34. Midland is without sufficient information to either admit or deny the allegations contained in paragraph 34 and therefore denies the same.

35. Midland is without sufficient information to either admit or deny the allegations contained in paragraph 35 and therefore denies the same.

36. Midland is without sufficient information to either admit or deny the allegations contained in paragraph 36 and therefore denies the same.

37. Midland is without sufficient information to either admit or deny the allegations contained in paragraph 37 and therefore denies the same.

38. Midland is without sufficient information to either admit or deny the allegations contained in paragraph 38 and therefore denies the same.

39. Denied.

40. Denied.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FDCPA
### 15 U.S.C. §§ 1692 *et. seq.*

41. To the extent that paragraph 41 contains any allegation or averment of wrongful or tortious conduct by Midland, Midland denies those allegations or averments and demands strict proof thereof.

42. To the extent that paragraph 41 contains any allegation or averment of wrongful or tortious conduct by Midland, Midland denies those allegations or averments and demands strict proof thereof.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

### *False Representation or Implication That Communication is*

### *From an Attorney (Lack of Meaningful Review)*

48. To the extent that paragraph 48 contains any allegation or averment of wrongful or tortious conduct by Midland, Midland denies those allegations or averments and demands strict proof thereof.

49. Midland is without sufficient information to either admit or deny the allegations contained in paragraph 49 and therefore denies the same.

50. Midland is without sufficient information to either admit or deny the allegations contained in paragraph 50 and therefore denies the same.

51. Midland is without sufficient information to either admit or deny the allegations contained in paragraph 51 and therefore denies the same.

52. Midland is without sufficient information to either admit or deny the allegations contained in paragraph 52 and therefore denies the same.

### COUNT II
### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION
### UNDER THE FDCPA AND STATE LAW

53. Midland is without sufficient information to either admit or deny the allegations contained in paragraph 53 and therefore denies the same.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

## *Respondeat [sic] Superior Liability*

61. Midland is without sufficient information to either admit or deny the allegations against "CACH." To the extent that paragraph 61 contains any allegation or averment of wrongful or tortious conduct by Midland, Midland denies those allegations or averments and demands strict proof thereof.

62. Denied.

63. Midland is without sufficient information to either admit or deny the allegations contained in paragraph 63 and therefore denies the same.

64. Denied.

## **PRAYER FOR RELIEF**

65. Denied, including all subparts listed under the restated Counts.

66. Any allegations not specifically denied above are hereby denied.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim for which relief.

2. This Court lacks subject matter jurisdiction due to Plaintiff's lack of Article III standing.

3. Plaintiff cannot prove that any actions by Midland were intentional, willful, reckless, and/or negligent.

4. Midland's actions have been in accordance with all federal and state laws and regulations applicable to the transactions at issue.

5. Midland pleads bona fide error.

6. Midland avers reasonable procedures.

7. The FDCPA does not create a cause of action for invasion of privacy.

8. Plaintiff's state law claims are preempted by the FDCPA.

9. Plaintiff's state law claims are barred by the litigation privilege.

10. Plaintiff cannot prove highly offensive conduct to support his Invasion of Privacy claim.

11. Midland avers that Plaintiff cannot prove a severe mental injury.

12. Midland invokes all applicable statutes of limitations, statutes of repose and laches.

13. Plaintiff's damages, if any, were caused by his own actions or inaction.

14. Plaintiff's claims are due to be dismissed by the doctrines of waiver and abandonment.

15. Midland is not responsible and/or liable under the doctrine of respondeat superior or any other form of vicarious liability.

16. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages, if any, are the result of Plaintiff's own actions or inactions, or the actions or inactions of other parties, such actions or inactions being the sole proximate cause of Plaintiff's alleged damages or, in the alternative, a contributing cause of such alleged damages.

17. Midland denies that Plaintiff suffered any injury or damage as a proximate result of any action or inaction on the part of Midland. Midland also denies that Plaintiff was injured or damaged in the manner or to the extent alleged in the Complaint; or, in the alternative, Midland avers that it acted with reasonable and prudent care at all times.

18. Plaintiff has failed to mitigate his claimed damages and to protect himself from avoidable consequences, thereby barring or diminishing any recovery to which he may be entitled.

19. Any damages allegedly incurred by Plaintiff that may be attributable to Midland must be set off or recouped by the amounts owed in this case.

20. Midland pleads the punitive damages cap of T.C.A. § 29-39-104, as well as the limits set forth in <u>State Farm Mut. Auto Ins. v. Campbell</u>, 538 U.S. 408 (2003) and <u>BMW of North American, Inc. v. Gore</u>, 517 U.S. 599 (1966), the due process rights guaranteed by the Fourteenth Amendment to the United States Constitution, and the due process provisions of Article I, Section 17 of the Tennessee Constitution.

21. Midland has insufficient knowledge and information upon which to form a belief as to whether it may have additional defenses that are unknown at this time.

22. Midland expressly reserves the right to assert additional defenses if and to the extent identified as applicable.

Based on the foregoing, Midland respectfully requests dismissal of Plaintiff's claims, in their entirety, with prejudice.

Respectfully submitted,

/s/ Joseph V. Ronderos
Shaun K. Ramey
Joseph V. Ronderos
McGlinchey Stafford
424 Church St., Suite 2000
Nashville, TN 37219
(615) 762-9044 (telephone)
(615) 523-1725 (facsimile)
sramey@mcglinchey.com
jronderos@mcglinchey.com
*Attorneys for Midland Funding LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2023, I electronically filed the foregoing with the Clerk of the Court using the e-filing system, which will send a notification of such filing to the following counsel of record:

William M. Kaludis
Shield Law Group
5115 Maryland Way, Suite 911
Brentwood, TN 37027
Bill@shieldlawgroup.com

Brent Snyder
Banks & Jones
2125 Middlebrook Pike
Knoxville, TN 37921
865-546-2141
Fax: 865-546-5777
Email: brentsnyder77@gmail.com
*Attorneys for David Lane Whitson*

Megan Calme
Wilson Elser Moskowitz Edelman
& Dicker, LLP
100 Mallard Creek Road, Suite 250
Louisville, KY 40207
Telephone: 502-238-8500
Facsimile: 502-238-7995
megan.calme@wilsonelser.com
*Attorney for Defendant*
*Finkelstein, Kern, Steinberg & Cunningham, PC*

          /s/Joseph V. Ronderos
          OF COUNSEL